Kurt David Hermansen
Supervisory Assistant Federal Public Defender
859 Willamette Street, Suite 200
Eugene, Oregon 97401
(541) 465-6937 Telephone
(541) 465-6975 Facsimile
kurt_hermansen@fd.org

Attorney for Defendant

# United States District Court
# District of Oregon

| | |
|---|---|
| United States of America, | Case No. 6:21-cr-00176-MC |
| Plaintiff, | **Defendant's Sentencing Memo** |
| v. | **Continuation of Sentencing Hearing: May 10, 2022, at 2:00 p.m. — Courtroom 2** |
| Gary Edward Franklin, | |
| Defendant. | |

  Franklin, through his attorney, supplements the record for the May 10, 2022 continuation of the sentencing hearing. The Court will issue its judgment on May 10, 2022, because the sentencing hearing was not concluded. If it had been, this Court could not order restitution because restitution is not mandatory in threats cases and can only be imposed as a condition of probation or supervised release. Because this Court chose not to sentence Franklin to probation, the only way to impose restitution during the continuation of the sentencing hearing is as a condition of supervised release.

Page 1 – Defendant's Sentencing Memo

The Supervised Release Statute grants federal courts the authority to order a condition of supervised release so long as the condition is "reasonably related" to the considerations in 18 U.S.C. §§ 3553(a)(1) and 3553(a)(2)(B)–(D), both of which set forth factors that courts can consider in imposing a sentence. 18 U.S.C. § 3583. The § 3553(a)(1) factors are "the nature and circumstances of the offense and the history and characteristics of the defendant," and the factors set forth in § 3553(a)(2)(B)–(D) are "the need for the sentence imposed … (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." The Supervised Release Statute excludes from consideration § 3553(a)(2)(A) factors, which provide that courts may impose a sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." None of these three factors can form the basis for a condition of supervised release. *United States v. Alvarez*, 835 F.3d 1180, 1184 (9th Cir. 2016).

Although the Supervised Release Statute does not even mention restitution, the Ninth Circuit — through creative reasoning and expansive statutory interpretation — has held that federal courts may order restitution as a condition of supervised release for any criminal offense for which supervised release is properly imposed. *Id.*

Page 2 – Defendant's Sentencing Memo

at 1184–85. Franklin disagrees with the Ninth Circuit and hereby objects to preserve the issue for en banc or Supreme Court review.[1]

**Sentencing Objections**

As reflected in Franklin's PSR objections and sentencing memos and the request for a sentence of time served, the defense contends that imposing 48-months' imprisonment is both procedurally and substantively unreasonable based on the grounds asserted for rejecting the defense's recommendation and PSR's recommendation for a guidelines-range sentence and based on failing to resolve controverted issues set out in defense sentencing submissions under Fed. R. Crim. P. 32(i)(3)(B). Thus, this Court should, upon further reflection, impose a much lower sentence that is sufficient *but not greater than necessary* under 3553(a).

---

[1] Specifically, Franklin makes and preserves the arguments made and rejected by the panel in *Alvarez*. First, Franklin argues that the Supreme Court's decision in *Paroline v. United States*, 572 U.S. 434 (2014) establishes that restitution is — at least in part — a form of punishment, meaning that it is therefore excluded as a permissible condition of supervised release under § 3583. *See Alvarez*, 835 F.3d at 1185 (rejecting this argument). Second, Franklin argues that imposing restitution as a condition of supervised release, based on facts not found by a jury, would violate *Apprendi* v. New Jersey, 530 U.S. 466 (2000). *See Alvarez*, 835 F.3d at 1185 (rejecting this argument) .

Page 3 – Defendant's Sentencing Memo

**Restitution Amount Objections**

Under the applicable statutes, restitution can be imposed "only for the loss caused by the specific conduct that is the basis for the offense of conviction." *Hughey v. United States*, 495 U.S. 411, 413 (1990). The Ninth Circuit has rejected a "but for" standard of causation in restitution, and held that instead, "restitution is proper only for losses directly resulting from the defendant's offense." *United States v. Meksian*, 170 F.3d 1260, 1262 (9th Cir. 1999) (*quoting United States v. Tyler*, 767 F.2d 1350, 1351 (9th Cir. 1985)). "It is clear from our cases that the phrase 'directly resulting' means that the conduct underlying the offense of conviction must have caused a loss for which a court may order restitution, but the loss cannot be too far removed from that conduct." *United States v. Alvarez*, 835 F.3d 1180, 1185–86 (9th Cir. 2016) (quoting *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 928 (9th Cir. 2001).

Even in cases where restitution is mandatory — which, as the government concedes, is not the case here — "the government bears the burden of demonstrating the amount of loss the victim suffered 'as a result of the [defendant's] offense.' " *United States v. Monzel*, 641 F.3d 528, 539 (D.C. Cir. 2011) (discussing 18 U.S.C. § 3664(e)). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e). Further, "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." *Id.*

Page 4 – Defendant's Sentencing Memo

Here, the causal chain between Franklin's offense and the compensation sought extends too far, in terms of the facts and the time span. Intervening causes and subsequent actions by others contributed to (or created) the loss, and those intervening causes and actions, "must be directly related to the defendant's conduct," but they are not. *Gamma Tech*, 265 F.3d at 928. Thus, restitution is not appropriate.

AV1 is the victim in this case. Others are not. Others do not constitute victims of the crime Franklin perpetrated. Here, no one other than AV1 falls within the definition of a crime victim under 18 U.S.C. § 3771(e) of the Crime Victims' Rights Act (CVRA), and the claimed losses fall short for proof problems, in part, because of an insufficient nexus between the offense and the financial losses alleged. An individual is only directly and proximately harmed when the harm results from conduct underlying an element of the offense of conviction. 26 A.L.R. Fed. 2d 451 (Originally published in 2008).

Federal restitution statutes identify victims as persons "directly and proximately harmed as a result of" the defendant's offense. *See e.g.*, 18 U.S.C. § 3663(a)(2); *id.* § 3663A(a)(2); *id.* § 3771(e); *United States v. Monzel*, 641 F.3d 528, 536 (D.C. Cir. 2011). Generally, proximate cause "refers to the basic requirement that there must be some direct relation between the injury asserted and the injurious conduct alleged." *Paroline v. United States*, 572 U.S. 434, 444 (2014) (cleaned up). Although proximate cause is difficult to define, it "is more restrictive than a requirement of factual cause alone." *Id.* at 446.

Page 5 – Defendant's Sentencing Memo

Because the record does not establish that Franklin caused all the claimed losses, AV1 should not receive the full (windfall) amount she seeks. *See United States v. Monzel*, 641 F.3d 528, 534 (D.C. Cir. 2011). For example, there is insufficient support to show a nexus between the claimed financial losses and the offense. And restitution is sought for items that don't qualify for compensation. Here is a timeline to put alleged compensable damages in context:

**12/28/20 — 1st letter mailed to AV1**, forwarded by USPS from Astoria.

01/06/21 — AV1 receives 1st letter & reports to Clatsop County Det. Ryan Humphrey.

03/19/21 — AV1 obtains 8 hours of sick leave pay.

04/02/21 — AV1 obtains 8 hours of sick leave pay.

04/09/21 — AV1 obtains 3 hours of sick leave pay.

**05/03/21 — 2nd letter mailed to AV1.**

05/06/21 — USPI interviews AV1 & AW1.

05/11/21 — USPI interviews AV1 again.

05/20/21 — Indictment.

05/21/21 — SW + Arrest; Victim notification letter sent to AV1; 1st Detention Hrg.

05/24/21 — 2nd Detention Hrg is reset to 5/25/21.

05/24/21 – AV1 obtains 8 hours of sick leave pay.

05/25/21 — 2nd Detention Hrg.

06/03/21 — AV1's daughter has therapy.

06/09/21 — AV1's daughter has therapy.

Page 6 – Defendant's Sentencing Memo

06/17/21 — AV1 obtains 4 hours of sick leave pay.

07/08/21 — AV1's daughter has therapy.

07/15/21 — AV1's daughter has therapy.

07/22/21 — AV1's daughter has therapy.

07/23/21 — AV1 obtains 4 hours of sick leave pay.

08/05/21 — AV1's daughter has therapy.

08/05/21 — AV1 obtains 8 hours of sick leave pay.

08/11/21 — AV1's daughter has therapy.

09/21/21 — AV1's daughter has therapy.

10/01/21 — AV1 obtains 8 hours of sick leave pay.

10/05/21 — AV1's daughter has therapy.

11/03/21 — AUSA Delph spoke w/ victim sometime this week about plea proposal.

11/09/21 — AV1's daughter has therapy.

Nov-Dec 21 – Scheduling change of plea hearing.

12/01/21 — AV1's daughter has therapy.

01/04/22 — Sentencing set for April.

01/07/22 — AV1's daughter has therapy.

01/21/22 — AV1's daughter has therapy.

03/07/22 — AUSA Delph speaks with AV1 re scheduling sentencing hearing after 4/7.

03/10/22 — AUSA Delph speaks with AV1 re scheduling sentencing hearing for April.

03/25/22 — AV1's daughter has therapy.

04/13/22 — Sentencing hearing originally schedule for 4/19 moved to 14:00 hours

04/18/22 — Sentencing hearing reset from 4/19 remote to 4/25 in person; AUSA Delph speaks w/ victim re scheduling changes at 4:30pm.

04/19/22 — AUSA Delph talks to victim about rescheduling the sentencing hearing to in person and discusses her appearing over video.

04/19/22 — AV1 obtains 8 hours of sick leave pay.

04/22/22 —AV1 obtains 3 hours of sick leave pay.

04/22/22 — AV1's daughter has therapy.

04/25/22 — AV1 obtains 8 hours of sick leave pay.

04/25/22 — Sentencing Hearing.

## Sick Leave

The government has not shown (1) AV1 is entitled to be compensated for sick leave that her employer paid her for and (2) a sufficient nexus between the sick leave days and the letters Franklin sent. Paying AV1 again for days her employer already paid her for would constitute double compensation, and the government has not even proven that the sick leave taken resulted from the elements of the offense of conviction.

If AV1 used sick leave and was then paid for the time-off, should she get restitution for that sick leave? No. Her employer has compensated her for that sick leave. Presuming AV1 was paid for the sick leave, deductions would have been made for benefits, retirement, etc. If the Court decides to compensate AV1 again for the sick leave she was presumably paid for, why would the amount be her (unproven) full

Page 8 – Defendant's Sentencing Memo

hourly rate (gross pay) of $43 per hour. At most, wouldn't the figure (for doubly compensating her) be her wage after deductions (i.e., the net pay amount)? We don't have earning statements. So, these are open questions.

Fundamentally, some of the leave dates do not have any apparent — and proximate — connection to threatening letters. The above timeline shows the disconnect — as opposed to proximate cause — between the sick leave taken and the letters Franklin sent.

## Daughter's Counseling

There is no apparent nexus between Franklin's letters and AV1's daughter's counseling sessions. Franklin did not send any letters to AV1's daughter. Franklin did not notify her of the letters. If anyone showed her the letters or informed her of them, it was not Franklin. Thus, Franklin was not the proximate cause resulting in AV1's daughter's counseling sessions. Notably, while seeking restitution, the government's under-seal filing concedes that "each of these therapy sessions may have covered items unrelated or tangentially related to this case …" ECF 52 at 3. That is not proof of proximate cause.

Although the government has the burden when seeking restitution, their under-seal filing provides no information from or about the person who allegedly provided counseling to AV1's daughter. Further, there is no substantiation of the cost of counseling appointments (other than AV1 alleging in email how much each session

Page 9 – Defendant's Sentencing Memo

cost). In addition, the government has not provided documentation of amounts actually paid by AV1 for the counseling. (Wouldn't such counseling be covered at least partially [or even fully] by insurance? And aren't there (undisclosed) records showing payments made?)

Also, the government has failed to submit documentation in the form of actual medical records or at least a signed letter from the provider stating that the counseling was for matters pertinent to — and proximately caused by — the letters Franklin sent to AV1.

AV1's daughter has 15 therapy appointments @ $120/each (but there is no documentation that is the actual cost) = $1,800. And there is no showing that the daughter's therapy did not predate AV1 telling her about the letters.

Moreover, there is no showing that AV1's daughter's therapy resulted from the elements of the offense in this case. Mr. Franklin certainly did not inform AV1's daughter about the letters he mailed. And AV1's identity is under seal. Presumably, AV1 told her own daughter about the letters. That is not proximate cause. Someone else informing AV1's daughter breaks the chain. Yet, the government's under-seal filing contains no legal analysis of proximate cause, and it also lacks factual support to show the needed nexus between the letters and the financial expense.

Consequently, restitution should not be ordered and if it is the Court should reduce the amount based on the foregoing.

Respectfully submitted: May 6, 2022.

*s/ Kurt David Hermansen*
Kurt David Hermansen
Assistant Federal Public Defender